UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINJA "KYNG PARIAH" JOHNSON,

                                    Plaintiff,

                    -against-

ROSE M. SINGER CENTER, et al.,

                                    Defendants.

22-CV-2410 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the Rose M. Singer Center ("RMSC") on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated her rights before and during her current detention at the RMSC. By order dated May 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

For the reasons set forth below, the Court (1) grants Plaintiff leave to file an amended complaint within 60 days of the date of this order; (2) severs Plaintiff's claims concerning the infringement of her music; (3) directs the Clerk of Court to open a new civil action as to the infringement claims; and (4) dismisses all claims brought against the RMSC, the NYPD, the State of New York, Ivanka Trump, Victoria Nasarovia, and Suzette Troutman.

---

[1] Plaintiff submitted her complaint without prepaying the filing fees or requesting that the filing fee be waived. On March 25, 2022, the Court directed Plaintiff to either prepay the fees or request that the fees be waived, which she did on April 20, 2022, by submitting an IFP application. Because Plaintiff is detained as a prisoner, she is not exempt from paying the full filing fee even though she has been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this Section 1983 action asserting unrelated claims, which include: (1) claims related to her detention at RMSC and brought against the RMSC, the City of New York, and two other detainees, Victoria Nasarovia ("Nasarovia") and Suzette Troutman ("Troutman"); (2) claims arising out of her arrest that are brought against the New York City Police Department ("NYPD") and the City of New York; (3) claims concerning an attempted kidnaping by Ivanka Trump ("Trump"); (4) claims arising out of Plaintiff's being stalked by Nicole Arrington; and (5) claims related to an alleged infringement of Plaintiff's music on the part of Shawn Carter (Jay-Z), Beyonce Knowles-Carter, Wiz Kid, Saint Jhn, and Katora Moreró "Young Ma" ("musical artists defendants"). She also names the State of New York as a defendant.

The following facts are drawn from the complaint. Since 2018, arresting officers and a

district attorney

> have beaten me underage & have been trying to shoot me . . . in NY & CA. They
> placed me in mental health housing. I'm not m/o & this against my rights &
> haven't removed me it been 8 or 9 days. I hold them I didn't want any of their
> services & how serious this framed up case is & they have not removed me. I
> can't breathe because of construction.

(ECF 1, at 7) (cleaned up). She states that on:

> March 9, 2022 I was placed in this cell area because 'Riker' don't have cell areas
> available for my classification level. But place me in mental housing & I'm not
> mental. It's now March 16 I was told I was going to building 5 & I never legally
> signed out of protective custody. This is not what was told to me or displayed. I
> was never a mental health patient & I told anger management I don't want any
> services & now they have taken forever to move me from a cell I can't breathe in.
> Nor was never supposed to be in, in the 1st place this is a conspiracy to murder me
> once again.

(*Id.* at 10) (same).

Plaintiff also alleges that since "the end of February while in protective custody I was

poisoned by two wicked bitches out of jealousy inmates Victoria Nasarovia & Suzette

Troutman." (*Id.* at 8.)

Plaintiff also brings claims against Ivanka Trump, who Plaintiff claims "conspired to

kidnap me January 20, 2022 when that didn't work, I was arrested January 31, 2022." (*Id.*)

Unrelated to her arrest and detention, Plaintiff asserts claims against the musical artists

defendants alleging that

> Roc Nation is a plagiarized idea off of my label Team Dorknation. This label tried
> to sign me 4 times since 2010. I deny every opportunity. So they though it was
> cool to try to create a dummy version & watered down version of me. Plagiarized
> 'Brown Skin Girls' from my song 'Brown Skin Kids' which was pitched to
> Chance the Rapper in 2014 via email. So Young Ma been biting me, her whole
> career from my song 'Flex'n' = 'OOOUUU' check dates on YouTube also 'Yams'
> = 'Big' Visual she bit off my visual idea. She also got me jumped on September
> 27, 2019 on Grand St. Soho at 8 something in the morning.

(*Id.*) (cleaned up).

Finally, Plaintiff brings claims against "Nicole Arrington for stalking me and her uncle the 77th Precinct caught attacking me." (*Id.*)

For her injuries, Plaintiff alleges that she is "on a[n] inhaler now because of exposure and I need it every day." (*Id.* at 9.) She suggests that she does not possess enough pumps. As for her claim that two other prisoners poisoned her, she states: "The poison in my food had my body in shock my Jewish sister Love, Rona help me out of bed." (*Id.*) She seeks money damages.

## DISCUSSION

### A.     Order to Amend

#### 1.     Section 1983

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

#### 2.     Personal Involvement

Under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must

plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not name any individual defendants who were personally involved in violating her rights during her detention at the RMSC and arising out of her January 31, 2022, arrest. As explained below, the Court grants Plaintiff leave to amend these claims and name individual defendants who were involved personally in violating her rights.

### 3.   Conditions of Confinement Claim

Plaintiff, who was a pretrial detainee at the time of the events giving rise to her claims, alleges that the conditions at RMSC are affecting her health, to the extent that she cannot breathe. The Court construes this allegation as asserting a conditions of confinement claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

A pretrial detainee can state a conditions of confinement claim under the Fourteenth Amendment by alleging facts showing that her conditions were objectively serious and that the defendants "should have known that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Here, Plaintiff fails to state a conditions of confinement claim because she does not allege enough facts suggesting that any individual was aware of a specific risk of serious injury to Plaintiff, and then ignored that risk. For example, Plaintiff does not describe the exact nature of the conditions at RMSC, how these conditions specifically affected her health, and who was aware of the effect of the conditions. While she suggests that she has informed correctional staff, she does not name as a defendant any individual who was aware of a condition that harmed Plaintiff and chose to ignore it. She therefore fails to state a conditions of confinement claim.

### 4.      Medical Claim Involving Inhaler Pumps

The Court construes Plaintiff's allegation that she does not possess enough inhaler pumps to treat her medical condition, as asserting a medical claim under Section 1983. Like her conditions of confinement claim, Plaintiff's medical claim arises under the Due Process Clause of the Fourteenth Amendment because, as alleged in the complaint, Plaintiff was a pretrial detainee when the events giving rise to this claim occurred. *See Darnell*, 849 F.3d at 29.

To state a medical claim under the Fourteenth Amendment, a plaintiff must state facts suggesting that the medical condition is sufficiently serious and correctional staff acted with at least deliberate indifference to the condition. *See id.* For a condition to be sufficiently serious, it must "either alone or in combination, pose an unreasonable risk of serious damage to [a plaintiff's] health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

As for the correctional staff's showing of deliberate indifference, a plaintiff must allege "that the defendant-official acted intentionally to impose the alleged [medical] condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Thus, a "mere disagreement over the proper treatment" is not actionable under Section 1983. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Moreover, the negligence of a correction official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff suggests that she needs more inhaler pumps to treat her medical condition. She does not allege any facts, however, suggesting that an individual correctional official failed to act with reasonable care to mitigate a risk posed by Plaintiff's mental health condition, and that any such officer knew, or should have known, that not providing her with inhalers – or any other treatment – posed an excessive risk to her health or safety. Thus, Plaintiff fails to state a medical claim.

**5.     False Arrest Claim**

Because Plaintiff asserts that she was arrested on January 31, 2022, and names the NYPD[2] as a defendant, the Court construes the complaint as asserting a false arrest claim under the Fourth Amendment.

Courts analyzing a Section 1983 claim asserting that an officer violated the Constitution during an arrest generally look to the law of the state in which an arrest occurred. *Jaegly v. Couch*, 439 F.3d 149, 151-52 (2d Cir. 2006). Under New York law, to establish a false arrest claim, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

---

[2] Plaintiff's claims against the NYPD, as explained later in this order, are dismissed under the New York City Charter.

An officer has probable cause to arrest when he or she has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3d at 852.

Here, Plaintiff does not state enough facts to suggest that an arresting officer violated the Fourth Amendment during Plaintiff's arrest. She states only that she was arrested on January 31, 2022, after Ivanka Trump tried to kidnap her. These allegations are insufficient to state a false arrest claim.

### 6.   Stalking Claim

Plaintiff brings claims against Nicole Arrington ("Arrington"), who Plaintiff asserts stalked her. Plaintiff also may be asserting a claim against Arrington's uncle, who may be associated with the NYPD's 77th Precinct. Because Plaintiff does not provide enough facts to determine whether she can state a Section 1983 claim against this defendant, and whether it is related to her other Section 1983 claims, the Court declines to dismiss the claims against Arrington at this stage.

### 7.   Municipal Liability

Plaintiff names as a defendant the City of New York. Because Plaintiff brings claims arising out of her arrest and detention, the Court construes the complaint as asserting a claim against the City for its alleged role in violating her rights with respect to these claims.

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a

deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). Thus, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not allege any facts suggesting that the City of New York instituted a policy, had a custom, or permitted a practice that caused the violation of her rights under the Fourth or Fourteenth Amendment. For example, Plaintiff states that she was arrested, but she does not state how the arresting officer, relying on a policy, custom, or practice instituted by the City, violated her constitutional rights. Likewise, Plaintiff alleges that the conditions of her confinement and medical care were inadequate, but she does not suggest that those alleged violations were the result of a policy, custom, or practice implemented by the City. Plaintiff therefore fails to state a claim against the City of New York.

## B.      The Court Severs the Copyright Claims

Plaintiff's claims against the musical artists defendants are unrelated to Plaintiff's claims arising out of her arrest and subsequent detention at the RMSC.[3] For the reasons explained below, the Court severs from this action Plaintiff's claims against the musical artists defendants and directs the Clerk of Court to open a new civil action for these severed claims. Should

---

[3] The claims arising out of Plaintiff's arrest and her detention also may not be related but, because her arrest may have resulted in her subsequent detention, the Court declines to sever these claims from each other.

Plaintiff proceed with this new action, she will be charged a new filing fee in the amount of $350.00.[4]

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as she has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, 'the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'" *Clay v. Doe*, No. 20-CV-7692, 2020 WL 6151436, at *1 (S.D.N.Y. Oct. 20, 2020) (citing *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), and quoting *Deskovic*, 673 F. Supp. 2d at 167).

Rule 21 of the Federal Rules of Civil Procedure provides that "on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "In determining whether to sever a claim, the Court considers 'the two

---

[4] Plaintiff will be provided the opportunity to request that prepayment of the filing fee be waived. As noted above, however, Because Plaintiff is detained as a prisoner, she is not exempt from paying the full filing fee even though she has been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

requirements of Rule 20 and additional factors, including (1) whether severance will serve
judicial economy; (2) whether prejudice to the parties would be caused by severance; and
(3) whether the claims involve different witnesses and evidence.'" *Clay*, 2020 WL 6151436, at
*2 (quoting *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008)). "Put
another way, courts look to the logical relationship between the claims and determine whether
the essential facts of the various claims are so logically connected that considerations of judicial
economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* (quoting *Kalie v.
Bank of Am. Corp.* 297 F.R.D. 552, 557 (S.D.N.Y. Aug. 9, 2013) (internal quotation marks
omitted)).

Joinder of Plaintiff's claims against the RMSC defendants with Plaintiff's claims against
the musical artists defendants does not comport with Rule 20 because they do not "arise[ ] out of
the same transaction, occurrence, or series of transactions or occurrences" and they will not share
the same questions of law or fact. Fed. R. Civ. 20(a)(2). Thus, the Court concludes that it is
appropriate to sever from this action Plaintiff's claims against the musical artists defendants and
directs the Clerk of Court to open a new civil action with respect to the infringement claims
brought against the musical artists defendants. As noted above, Plaintiff will be charged another
filing fee for this new action; she will be provided an opportunity to request that prepayment of
that fee be waived.

## C.    Dismissal of Remaining Claims

### 1.    Claims against the NYPD and the RMSC

Plaintiff's claims against the NYPD and the RMSC, which is a jail operated by the New
York City Department of Correction ("DOC"), must be dismissed because an agency of the City
of New York, like the DOC, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396
("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be

brought in the name of the city of New York and not in that of any agency, except where
otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007);
*see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is
generally prohibited from suing a municipal agency."). The Court therefore dismisses the claims
against NYPD and the RMSC under the New York City Charter, without prejudice to the
assertion of those claims against the City of New York.

    **2.**    **Claims against Nasarovia and Troutman**

    A claim for relief under Section 1983 must allege facts showing that each defendant acted
under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.
Private parties therefore generally are not liable under the statute.  *Sykes v. Bank of America*, 723
F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531
U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)
("[T]he United States Constitution regulates only the Government, not private parties."). As
Defendants Nasarovia and Troutman – the two detainees at the RMSC who Plaintiff asserts
poisoned her – are private parties who do not work for any state or other government body,
Plaintiff has not stated a claim against these defendants under Section 1983. The Court therefore
dismisses Plaintiff's Section 1983 claims against these defendants for failure to state a claim. *See*
28 U.S.C. § 1915(e)(2)(B)(ii).

    The Court declines to exercise supplemental jurisdiction over any state law claim
Plaintiff may be asserting against these defendants because such state law claims are not "so
related to" Plaintiff's claims in which the Court "has original jurisdiction that they form part of
the same case or controversy." 28 U.S.C. § 1367(a). While this claim arose at the RMSC,
Plaintiff does not assert any Section 1983 claims against correctional staff regarding the alleged

poisoning. The Court therefore also dismisses, without prejudice, any state law claims Plaintiff

may be asserting against these defendants.

### 3.      Claims against the State of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not

waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate

the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park

Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New

York are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

### 4.      Claims Against Ivanka Trump Are Dismissed as Frivolous

Plaintiff asserts that Ivanka Trump conspired to kidnap Plaintiff in January 2022 and that,

after Trump was unsuccessful in kidnapping Plaintiff, Plaintiff was arrested. The Court dismisses

this claim as frivolous under Section 1915(e)(2)(B)(i).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.

Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.

Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141

F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions

are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.")
(internal quotation marks and citation omitted).

Here, Plaintiff's claim that Ivanka Trump attempted to kidnap her is frivolous because
Plaintiff does not offer any plausible facts in support of this claim, and it is therefore "baseless."
*See Livingston*, 141 F.3d at 437. The Court therefore dismisses the claims against Ivanka Trump
as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts
generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its
defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.
2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has
cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to
amend at least once when a liberal reading of the complaint gives any indication that a valid
claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.
USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege
additional facts to state valid **(1) conditions of confinement, (2) medical, (3) false arrest, and
(4) stalking claims**, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her
claims.

In amending her complaint, Plaintiff should do as follows:

1. Plaintiff must **name as the defendants in the caption**[5] and in the statement of
   claim those individuals who were allegedly involved in the deprivation of her
   federal rights.

---

[5] The caption is located on the front page of the complaint.  Each individual defendant
must be named in the caption.  Plaintiff may attach additional pages if there is not enough space

2. If Plaintiff **does not know the name of a defendant**, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[6]  The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

3. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

4. In the "Statement of Claim" section of the amended complaint form, Plaintiff **must provide a short and plain statement** of the relevant facts supporting each claim against each defendant.

5. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a. the names and titles of all relevant people;

    b. a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

---

to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2022, at the RMSC, during the 7-3 p.m. shift."

    c.  a description of the injuries Plaintiff suffered; and

    d.  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-2410 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court severs from this action Plaintiff's claims against Shawn Carter, Beyonce Knowles-Carter, Wiz Kid, Saint Jhn, and Katora Moreró "Young Ma" and directs the Clerk of Court to open a new civil action for these severed claims against these severed defendants only. The Clerk of Court shall file copies of the complaint and of this order in the new action. After this new action is opened, the Court will direct Plaintiff to file a new IFP application or pay the filing fees.

The Court dismisses all claims brought against (1) the NYPD and the RMSC under the New York City Charter, *see* N.Y. City Charter ch. 17, § 396; (2) the State of New York as barred under the Eleventh Amendment, *see* 28 U.S.C. § 1915(e)(2)(B)(iii); and (3) Ivanka Trump as frivolous, *see* § 1915(e)(2)(B)(i).

The Court also dismisses the Section 1983 claims brought against Nasarovia and Troutman for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and dismisses any state law claims against these defendants, without prejudice, *see* 28 U.S.C. § 1367(a).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 31, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____